present at common law and which should be specified, and lacking such specifications, this section should be strictly construed.

This section of the Code provides: "A set-off is a cause of action existing in favor of a defendant against a plaintiff * * *." (Italics mine.) I am of opinion that the word "existing," means in existence at the time the plaintiff files his petition. The statute, thus construed, is entirely consistent with the common-law rule, and does not enlarge or extend the defendant's right to plead a subsequently acquired set-off in the plaintiff's action.

THE STATE, EX REL. DOWNS, APPELLEE, *v.* BARGER, APPELLANT.

(Decided November 29, 1940.)

*Messrs. Thornburg & Lewis,* for appellee.
*Miss Esther F. Pinsky,* for appellant.

PHILLIPS, J. In this opinion reference will be made to the parties as they stood in the Court of Common Pleas of Belmont county.

Relator alleged in his petition that on the fifth day of April 1940 he was duly appointed to the office of clerk of the Board of Education of Colerain Town-

ship Rural School District of Belmont county for the term until January 1, 1941; that he thereafter duly qualified and was ready to enter upon the duties of the office; that the respondent claimed he was elected clerk of that body for a two-year term at the organization meeting thereof held on January 1, 1939, at which time the board was composed of five members, including respondent, whose term together with that of Ralph McGraw expired on January 1, 1940, and to fill whose expired terms Robert R. Smith and Altgeld Prokes were duly elected, qualified, and were then acting as members thereof; that the board in January 1939 could not lawfully employ a clerk for two years because such employment would extend beyond the terms of office of at least two members thereof; that respondent refused to deliver to relator all the books, papers, records and copies thereof, reports of school statistics, minute record and order books relating to the affairs of the board although respondent had promised to do so; and that relator had a beneficial interest in the matter because his salary was the same as that paid respondent. The prayer of the petition was that a writ of mandamus issue to respondent commanding him to deliver the mentioned papers to him.

An alternative writ of mandamus was issued in accordance with the prayer of relator's petition, to which respondent filed a demurrer, but the matter was subsequently submitted to the lower court on an agreed statement of facts. In disposing of the matter upon hearing thereon, the lower court ignored the demurrer and disposed of the case as though issue had been joined by answer and ordered a peremptory writ of mandamus to issue against respondent for the performance of the act alternatively ordered, which he was commanded to perform forthwith.

From that order and judgment of the lower court respondent appeals to this court on questions of law.

It is observed that respondent was elected clerk of the board for one year at the organization meeting thereof held in 1938, at which time the personnel of the board was the same as on January 6, 1939, when at the beginning of the last year of the board's tenure of office it attempted to elect him again for a two-year term, though no new members had been elected since the 1938 organization meeting due to the fact that elections of board members are held in the odd years.

· The agreed statement of facts, which contains all the evidence before this court, briefly and in substance, sets forth that on January 6, 1939, by the votes of three members of the board, respondent was elected clerk thereof for a two-year term; that on January 2, 1940, the board, composed of two members whose terms had not expired on December 31, 1939, and three members whose terms commenced on January 1, 1940, organized and elected a president and vice president, and as indicated by the minutes ordered "Mr. Barger to be retained until a successor can be legally appointed;" that at an adjourned meeting thereof held on April 9, 1940, by the vote of one member whose term had not expired on December 31, 1939, and two members whose terms commenced on January 1, 1940, relator was elected clerk of the board for the balance of 1940.

The sole question presented for our consideration and determination is whether the board of education had power to elect respondent as clerk thereof for a two-year term, having, at a stated organization meeting, previously elected him for one year.

Section 4747, General Code, provides:

"The board of education of each city, exempted village, village and rural school district shall organize on the first Monday of January after the election of members of such board. One member of the board shall be elected president, one as vice-president and a person who may or may not be a member of the

board shall be elected clerk. The president and vice-president shall serve for a term of one year and the clerk for a term not to exceed two years. The board shall fix the time of holding its regular meeting.''

The intent and purpose of the statute is to forbid an officer or body clothed with power of appointment to a public office to forestall the rights and prerogative of his or its successor by making a prospective appointment to fill an anticipated vacancy in an office, the term of which cannot begin until after his or its own term and power to appoint have expired.

Clearly, if Barger's election in January 1939, for a two-year term, did not expire until the end of 1940 then the board, in its January 1940 meeting, could not have organized and elected a clerk in accordance with the mandatory provisions of Section 4747, General Code.

We have concluded therefore that the employment of respondent in January 1939, for the two-year term, was contrary to the provisions of Section 4747, General Code, and accordingly void.

In reaching this conclusion we are not unmindful of the fact that Section 4747, General Code, provides that a president and vice president must be named for a term of one year at the organization meeting designated as the first Monday in January after the election of members of the board. This necessitates a meeting of the board in the succeeding year in order to select such officers. Clearly such a meeting cannot be construed as an organization meeting. It is simply a meeting for the election of officers to succeed those whose terms have expired and which are limited to one year, necessitating such an off-organization-year meeting. It follows therefore that if the clerk had been named only for one year at the organization meeting it would be proper to name a new clerk or to reappoint the old one.

There is ample authority in Ohio and other juris-

dictions supporting the common-law rule on the subject which, since we have determined the question on a construction of the statute alone, we deem unnecessary to cite.

The judgment of the lower court is affirmed.

*Judgment affirmed.*

NICHOLS, P. J., and CARTER, J., concur.